## CONSTITUTIONAL LAW – FREEDOM OF SPEECH — CRIMINAL LAW — CRIMINAL PROHIBITION OF CROSS-BURNING

November 9, 1993

*The Honorable Samuel I. Rosenberg*
*House of Delegates*

You have asked for our opinion concerning options available to the State to punish cross-burning in the wake of *Sheldon v. State,* 332 Md. 45, 629 A.2d 753 (1993), which struck down the Maryland cross-burning statute. Specifically, you asked whether other criminal prohibitions could apply to punish instances of cross-burning. You have also asked whether it is possible to draft a constitutional statute aimed at cross-burning.

For the reasons stated below, we conclude that existing criminal laws could be applied to many instances of cross-burning. In addition, content-neutral laws could be adopted that would effectively prohibit most cross-burnings. A statute that was expressly directed at cross-burning, however, would be unconstitutional.

## I

### The *Sheldon* Decision

Maryland's cross-burning statute, Article 27, §10 of the Maryland Code, provides as follows:

> A person may not burn or cause to be burned any cross or other religious symbol on any private or public property within the State without the express consent of the owner of the property and without first giving notice to the fire department which services the area in which the burning is to take place.

The constitutionality of this statute became questionable after the Supreme Court's decision in *R.A.V. v. City of St. Paul,* 112 S.Ct. 2538 (1992). In *R.A.V.*, the Supreme Court struck down a Minnesota cross-burning statute that had been interpreted as limited to cross-burnings amounting to "fighting words." While recognizing that states may proscribe fighting words altogether, the Court held that, except in limited circumstances, state discrimination between types of fighting words would be subject to strict scrutiny. The *R.A.V.* case is discussed in greater detail in 77 *Opinions of the Attorney General* 23 (1992).

Relying heavily on *R.A.V.*, the Court of Appeals held that cross-burning was expressive conduct and that Article 27, §10 was "related to the suppression of free expression" and was not content-neutral. In so holding, the Court rejected the State's arguments that the statute was aimed at fire prevention, noting that the statute did not provide greater fire protection than was available under current law and did not address burnings that would present just as much danger. *Sheldon*, 332 Md. at 56 and 61. In addition, the legislative history of §10 showed significant concern with the message that is conveyed by cross-burning and almost none with the fire hazards presented. 332 Md. at 56-57. For similar reasons, the Court rejected the State's arguments that the statute was aimed at the secondary effects of cross-burning. 332 Md. at 60-61. Because the statute did not fit within any of the other exceptions expressly recognized by *R.A.V.*, the Court applied a "strict scrutiny" standard of review. 332 Md. at 62.[1]

The Court found that the State had a compelling interest in protecting the social welfare of all its citizens and in promoting racial and religious tolerance. However, the Court determined that the statute was not necessary to the achievement of that goal:

---

[1] The other two exceptions are: (1) when the basis for the content discrimination consists entirely of the very reason the entire class of speech at issue may be proscribed, and (2) where there is no realistic possibility that official suppression of ideas is afoot. These exceptions apply only when constitutionally unprotected speech, such as obscenity or fighting words, is the object of the statute. The Maryland statute, however, is not limited to fighting words. *Sheldon*, 332 Md. at 60-61.

It is always difficult, of course, to determine what tools will be effective, much less necessary, in the quest for social tolerance. But it is safe to say that the cross burning statute, which merely inconveniences a tiny handful of individuals who would openly burn religious symbols, will not prove indispensable to the endeavor for justice. Under the statute, determined individuals may still burn crosses, so long as they notify the local fire department and secure a property owner's permission to conduct the burning.

332 Md. at 63.    Thus, the Court found the statute to be unconstitutional.


## II

## Current Criminal Provisions

A number of existing laws could be used to prosecute cross-burners.  While some are more useful than others, none would apply to all cross-burnings.[2]

### A.    *Arson*

At common law, arson was the malicious and voluntary burning of the house of another. *Kellenbach v. State,* 10 Md. 431 (1857).  That definition has been expanded considerably by statute. *See* Article 27, §§5 through 10.  But arson is still generally limited to the burning of structures and personal property.  Thus, cross-burning could be prosecuted as arson only if the fire spread to structures or personal property.

---

[2] Article 27, §10 itself does not apply to all cross-burnings.  Rather, it covers only those cross burnings that occur on the property of another, without consent and without notice to the fire department.

## B.    *Malicious Destruction of Property*

Malicious destruction of property was a crime at common law. *Spratt v. State,* 315 Md. 680, 556 A.2d 667 (1989).  The statutory provision, Article 27, §111, was enacted in 1953 to replace a variety of specific provisions, many of which forbade damage to plants.[3]  Thus, unlike arson, this offense would include damage to a lawn or surrounding plants caused by the burning of a cross.  Damage of this kind would frequently be so minor as to fall in the lower classification of the crime, however, which is punishable only by a fine of up to $500 and imprisonment of up to 60 days.  Moreover, malicious destruction of property is a specific intent crime. *Shell v. State,* 307 Md. 46, 512 A.2d 358 (1986).  Thus, a prosecutor would be required to show that damage to the property was not just a by-product of the burning of a cross but was intended by the perpetrator. *See Duncan v. State,* 5 Md. App. 440, 248 A.2d 176 (1968) (damage to car during get-away not intended by driver and thus not malicious destruction).

## C.    *Disorderly Conduct*

Article 27, §123 prohibits disorderly conduct "to the disturbance of the public peace" in a variety of public places. Article 27, §124 prohibits disorderly behavior "on the premises of any other person."[4]  "The gist of the crime," wrote the Court of Appeals, "is the doing or saying, or both, of that which offends, disturbs, incites, or tends to incite, a number of people, gathered in the same area....  [I]t is conduct 'of such a nature as to affect the peace and quiet of persons who may witness the same and who may be disturbed or provoked to resentment thereby.'" *Drews v. State,* 224 Md. 186, 192, 167 A.2d 341 (1961) (citation omitted).  To avoid First Amendment problems, the courts have interpreted this provision to require the presence of others and to cover only "fighting words" − that is, those that give rise to a danger of an "imminent violent response." *See Downs v. State*, 278 Md. 610, 366

---

[3] *See* Article 27, former §§119 (tobacco), 123 (vines, plants, shrubbery, and roots), and 663 (trees).

[4] Article 27, §124 does not apply in Baltimore County or Baltimore City.

A.2d 41 (1976); *Matter of Nawrocki,* 15 Md. App. 252, 289 A.2d 846 (1972).

Unquestionably, cross-burning is conduct that could affect the peace and quiet of those who witness it and provoke them to resentment. Also, cross-burning is an activity that, at least in some circumstances, could give rise to a danger of an imminent violent response. Thus, in the circumstances where cross-burning amounts to fighting words, it could be punished as disorderly conduct.

### D.   *Fair Housing Act*

Article 49B, §24, renders it unlawful "to coerce, intimidate, threaten, interfere with, or retaliate against any person in the exercise or enjoyment of, on account of a person having exercised or enjoyed, or on account of a person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the Fair Housing] subtitle." The federal version of this statute has been used successfully to prosecute cross-burners, and that use has been upheld against constitutional challenge. *United States v. Gresser,* 935 F.2d 96 (6th Cir. 1991); *United States v. Hayward,* 772 F. Supp. 339 (N.D. Ill. 1991), *aff'd,* 62 U.S.L.W. 2255 (7th Cir. Oct. 5, 1993).[5] Thus, this provision could be used to prosecute cross-burnings directed at causing African-American families to move. *See Sheldon v. State*, 332 Md. at 63-64.

### E.   *Trespass*

At common law, trespass to real property is a crime only if it amounts to a breach of the peace. *In re Appeal No. 631*, 282 Md. 223, 383 A.2d 684 (1978). "Breach of the peace" is similar to "fighting words," in that it requires evidence of "an affray, actual violence, or conduct tending to or provocative of violence by others." *Wanzer v. State,* 202 Md. 601, 609, 97 A.2d 914 (1953).

---

[5] *Cf. United States v. McDermott*, 822 F. Supp. 582 (N.D. Iowa 1993) (prosecution under 18 U.S.C. §§241 and 245 upheld). *But see United States v. Lee,* 6 F.3d 1297 (1993) (*en banc*) (conviction under 18 U.S.C. §241 overturned).

Thus, common law trespass is much like the statutory offense of disorderly conduct on the land of another, Article 27, §124.[6]

The statutory trespass provisions do not require a breach of the peace but do require other elements such as posting of the property (§576), a request to leave or prior warning to stay off (§577), or cultivation of the land and lack of permission (§579B). Where these elements are shown, entering land to burn a cross would constitute trespass, even where no breach of the peace was shown.


# III

### Potential Amendment of the Cross-Burning Statute

Because of the Supreme Court's *R.A.V.* decision and the Court of Appeals' *Sheldon* decision, we conclude that a statute directed specifically at cross-burning is most unlikely to survive a court challenge. We doubt that such a statute could identify, and be directed at, an aspect of cross-burning that presents problems not presented by other, similar activities. Furthermore, such a statute could *not* be based on the especially vile message communicated by an act of cross-burning, for a classification based on the content of a form of speech is precisely what *R.A.V.* says is unconstitutional.

In *Sheldon*, the Court of Appeals found that regulation of cross-burning "does not protect property owners or the community from unwanted fires any more than the law already protected those groups before the statute's enactment." 332 Md. at 56. The Court also questioned whether the burning of crosses presented as great a threat as other types of burnings that were left unregulated. 332 Md. at 61. Regardless of how a cross-burning law were phrased, it would likely raise the same objections. The simple fact is that our desire to prohibit cross-burning is based on the consensus within our society that the bigoted views expressed by cross-burners are reprehensible. "But the Constitution does not allow the unnecessary trammeling of free expression even for the noblest of purposes." 332 Md. at 63.

---

[6] The common law crime, unlike the statutory one, applies in Baltimore City and Baltimore County.

## IV

### Other Legislative Options

Certain content-neutral avenues are open to the State to allow the State to prosecute more cross-burnings and to express society's disdain for crimes of this type. For example, if Article 27, §10 were expanded to cover *any* burning on the property of another without permission and notice to the fire company, it would be content-neutral and would provide additional protection to the citizens of the State.

Another possibility would be to amend the hate crimes statute, Article 27, §470A, to cover burnings without consent on the property of another person because of that person's race, color, religious beliefs, or national origin. In *Wisconsin v. Mitchell*, 113 S.Ct. 2194 (1993), the Supreme Court upheld a Wisconsin statute imposing higher penalties for racially motivated crimes. While Maryland's hate crimes statute is somewhat different, it is our view that it would also be upheld. *See* 77 *Opinions of the Attorney General* 23 (1992).[7]

Finally, the State could enact a law along the lines of the current fair housing provision, which would more broadly punish actions taken to discourage or prevent any person from exercising his or her civil rights.

## V

### Conclusion

In summary, it is our opinion that the *R.A.V.* and *Sheldon* decisions foreclose efforts to prohibit cross-burning specifically. However, cross-burning is, in many instances, punishable under existing criminal statutes. Moreover, other legislative actions not

---

[7] This issue is now before the Court of Appeals in *Ayers v. State*, *cert. granted*, 332 Md. 245, 630 A.2d 1155 (1993).

focussed on cross-burnings specifically would effectively make most cross-burnings punishable.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Kathryn M. Rowe
> *Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

***Editor's Note:***

In *Ayers v. State*, 335 Md. 602, 645 A.2d 22 (1994), *cert. denied*, 513 U.S. 1130 (1995), referred to in note 7 above, the Court of Appeals upheld the hate crimes statute as applied in that case.